UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BENNETT GRIMES, | Case No.: 3:26-cv-00343-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, Sr., | |
| Respondent. | |

*Pro se* Petitioner Bennett Grimes has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, a motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel. (ECF Nos. 1 ("IFP Motion"), 1-1 ("Petition"), 1-2 ("Motion for Counsel").) Based on Grimes's Financial Certificate (ECF No. 4), the Court finds that good cause exists to grant the IFP Motion. However, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court dismisses the Petition as second or successive and denies the Motion for Counsel.

## I.    BACKGROUND[1]

Grimes challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nev. v. Bennett Grimes*, C-11-276163-1. On February 21, 2013, the state court entered a judgment of conviction, following a jury trial, convicting Grimes of attempted murder with the use of a deadly weapon in violation of a temporary protective order, burglary while in possession of a deadly weapon in violation of a temporary protective order, and battery with the use of a deadly weapon constituting

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, accessible here and here.

domestic violence resulting in substantial bodily harm in violation of a temporary protective order. Grimes was sentenced to an aggregate of 21 to 55 years in prison. Grimes appealed, and the Nevada Supreme Court affirmed on February 27, 2014. *See Bennett Grimes v. State of Nev.*, No. 62835. Remittitur issued on March 24, 2014.

Grimes filed a state habeas petition on February 20, 2015. The state court denied the petition, Grimes appealed, and the Nevada Court of Appeals affirmed on December 19, 2018. *See Bennett Grimes v. State of Nev.*, No. 74419-COA. Remittitur issued on February 19, 2021.

Grimes filed a federal habeas petition before the Court on April 16, 2019, in case number 2:19-cv-00663-GMN-EJY. The Court conducted a merits review of the petition and denied it on March 28, 2022. Judgment was entered. Grimes appealed, and the Court of Appeals for the Ninth Circuit denied Grimes a Certificate of Appealability on March 10, 2023.

Grimes filed a motion to modify or correct an illegal sentence on March 9, 2020. The state court denied the motion, Grimes appealed, and the Nevada Court of Appeals affirmed on November 20, 2020. *See Bennett Grimes v. State of Nev.*, No. 81042-COA. Remittitur issued on February 19, 2021.

Grimes filed a second state habeas petition on May 27, 2020. The state court denied the petition, Grimes appealed, and the Nevada Court of Appeals affirmed on June 17, 2021. *See Bennett Grimes v. Brian Williams*, No. 81697-COA. Remittitur issued on July 20, 2021.

Grimes filed a second motion to modify or correct an illegal sentence on October 26, 2021. The state court denied the motion, Grimes appealed, and the Nevada Court of Appeals affirmed on July 20, 2022. *See Bennett Grimes v. State of Nev.*, No. 84023-COA. Remittitur issued on October 17, 2022.

2

Grimes filed a third state habeas petition on January 10, 2022. The state court denied the petition, Grimes appealed, and the Nevada Court of Appeals affirmed on November 9, 2022. *See Bennett Grimes v. Calvin Johnson*, No. 84776-COA. Remittitur issued on December 5, 2022.

Grimes filed a fourth state habeas petition on January 2, 2024. The state court denied the petition, Grimes appealed, and the Nevada Court of Appeals affirmed on April 30, 2026. *See Bennett Grimes v. Brian Williams*, No. 91405-COA. Remittitur issued on May 21, 2026.

Grimes filed an application for permission to file a second or successive habeas corpus petition with the Court of Appeals for the Ninth Circuit in Case No. 23-495. The Court of Appeals for the Ninth Circuit denied Grimes's application on August 18, 2023.

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

3

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). However, importantly, before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667.

Because (1) Grimes's Petition challenges the same judgment of conviction that was challenged in Case No. 2:19-cv-00663-GMN-EJY, (2) the petition filed in Case No. 2:19-cv-00663-GMN-EJY was decided on the merits, and (3) the Court of Appeals for the Ninth circuit denied Grimes's application for permission to file a second or successive habeas corpus petition, the Court dismisses Grimes's Petition.

## III.     CONCLUSION

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is denied.

It is further ordered that the Petition (ECF No. 1-1) is dismissed as second or successive. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

///

///

///

///

///

///

///

4

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[2] (3) informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's Office, (4) enter final judgment, and (5) close this case.

DATED THIS 26th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]No response is required from Respondents other than to respond to any orders of a reviewing court.