UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BENNETT GRIMES, Petitioner, v. BRIAN WILLIAMS SR., Respondent. | Case No. 3:26-cv-00343-MMD-CLB ORDER |

*Pro se* Petitioner Bennett Grimes filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 6 ("Petition").) Following an initial review of the Petition, the Court dismissed it as second or successive because (1) it challenged the same judgment of conviction that was challenged in case number 2:19-cv-00663-GMN-EJY, (2) the petition filed in case number 2:19-cv-00663-GMN-EJY was decided on the merits, and (3) the Court of Appeals for the Ninth Circuit denied Grimes's application for permission to file a second or successive habeas corpus petition. (ECF No. 5.) Judgment was entered on May 26, 2026. (ECF No. 7.) Grimes filed a notice of appeal on June 29, 2026. (ECF No. 8.) The Court of Appeals for the Ninth Circuit entered an order, stating that Grimes's "notice of appeal was not filed within 30 days after the district court entered judgment." (ECF No. 11 at 25.) Grimes has now filed a motion under Federal Rule of Civil Procedure 60(b) asking the Court to vacate and reenter its judgment so that his appeal can be deemed timely. (ECF No. 11 ("Motion").)

Under Federal Rule of Appellate Procedure 4(a)(1), "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Because the Judgment in this case was entered on May 26, 2026, Grimes's

deadline for filing a notice of appeal was June 25, 2026. Grimes's notice of appeal was filed four days later.

"The filing deadline in Rule 4(a)(1) is mandatory and jurisdiction, but from their inception, the rules have also given district courts authority to grant relief from judgment." *Washington v. Ryan*, 833 F.3d 1087, 1089 (9th Cir. 2016). Indeed, "Rule 60(b) permits the district court to vacate and reenter judgment to restore the right to appeal in limited circumstances." *Id*. at 1091. Rule 60(b)(1) allows relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Grimes's Motion is based on excusable neglect. (ECF No. 11.) The Court assesses the following factors in determining whether relief is warranted: (1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith. *See Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).

Turning to the first and second factors, this Court perceives no disadvantage to Respondent that can be directly attributed to the brief four-day delay here. Turning to the third factor, Grimes gives no reason for the delay in filing his notice of appeal. Grimes simply states that he "immediately" filed the notice of appeal "[a]s soon as [he] discovered the necessity to" do so. (ECF No. 11 at 7.) This statement is not accompanied by any allegation that his receipt of the order and judgment dismissing his case was delayed or that he faced any obstacle that impeded his ability to file a timely notice of appeal. Turning to the fourth factor, there is no basis to believe that Grimes acted in anything but good faith.

Although factor three weighs against a finding of excusable neglect, the Court grants the Motion, extending Grimes's time to file a notice of appeal, based on the other three *Pioneer* factors. *See Washington*, 833 F.3d at 1099 ("Rule 4 itself does not demand perfection—its drafters created a grace period in Rule 4(a)(5) precisely because mistakes

happen."). Granting the Motion would have only a negligible effect on the proceedings, but denying the Motion would eliminate Grimes's review of the Court's order. This disparity, in combination with consideration of the *Pioneer* factors, warrants the granting of relief.

It is therefore ordered that the Motion (ECF No. 11) is granted.

It is further kindly ordered that the Clerk of the Court (1) vacate the Judgment (ECF No. 7), (2) reenter Judgment in this case, and (3) send a copy of this Order to the United States Court of Appeals for the Ninth Circuit regarding case number 26-4264.

DATED THIS 19th Day of August 2026.



MIRANDA M. DU
UNITED STATES DISTRICT JUDGE