UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BENNETT GRIMES, Petitioner, v. BRIAN WILLIAMS SR., Respondent. | Case No. 3:26-cv-00343-MMD-CLB<br>ORDER |

## I. SUMMARY

*Pro se* Petitioner Bennett Grimes filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 6 ("Petition").) Following an initial review of the Petition, the Court dismissed it as second or successive because (1) it challenged the same judgment of conviction that was challenged in case number 2:19-cv-00663-GMN-EJY, (2) the petition filed in case number 2:19-cv-00663-GMN-EJY was decided on the merits, and (3) the Court of Appeals for the Ninth Circuit denied Grimes's application for permission to file a second or successive habeas corpus petition. (ECF No. 5.) Judgment was entered. (ECF No. 13.) Grimes filed a notice of appeal on September 2, 2026. (ECF No. 14.) Grimes has now filed a motion to alter or amend his judgment under Federal Rules of Civil Procedure 59(e) or 60(b). (ECF No. 15 ("Motion").) For the reasons discussed below, the Court denies the Motion.

## II. JURISDICTION

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[i]f a party files in the district court any of the following motions under the Federal Rules of Civil Procedure . . . the time to file an appeal runs for

all parties from the entry of the order disposing of the last such remaining motion:" motion for judgment under Rule 50(b), motion to amend or make new factual findings under Rule 52, motion for attorney's fees under Rule 54, motion to alter or amend judgment under Rule 59, motion for a new trial under Rule 59, and motion for relief under Rule 60. Fed. R. App. P. 4(a)(4)(A)(i-vi).

Because Grimes's Motion has been filed under Federal Rules of Civil Procedure 59(e) and 60, Grimes's appeal does not divest the Court of jurisdiction to consider the Motion. *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under Rule 4(a)(4)(A), the . . . Rule 60(b) motions prevented the . . . notices of appeal from becoming effective until the district court rules on the merits of those motions."); *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (indicating that ordinarily notice of appeal becomes effective when the district court rules on a motion for reconsideration).

## III. LEGAL STANDARDS

### A. Motion to Alter or Amend a Judgment

Federal Rule of Civil Procedure 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As the Ninth Circuit has recognized, "a Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016).

### B. Motion for Reconsideration

Under Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment or order for the following limited reasons: (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

**IV. DISCUSSION**

In his Motion, Grimes argues there has been an intervening change in controlling law, so relief in warranted. (ECF No. 15.) Specifically, Grimes argues that *United States v. Lopez*, which was just decided on July 28, 2026, invalidates his prior convictions, making his sentence enhancement unconstitutional. (*Id*.) *United States v. Lopez* is a federal criminal case in which the Court of Appeals for the Ninth Circuit held “that the district court incorrectly applied the sentencing enhancement for two felony crimes of violence.” 183 F.4th 1110, 1114 (9th Cir. 2026). Because (1) this Court dismissed Grimes’s Petition because it was second or successive and (2) *Lopez* does not discuss a successively filed federal habeas petition by a state prisoner, *Lopez* is inapplicable to the Court’s dismissal in this action. As such, the Court finds that Grimes is not entitled to relief under Federal Rules of Civil Procedure 59(e) or 60.

**V. CONCLUSION**

It is therefore ordered that the Motion (ECF No. 15) is denied.

It is further ordered that, to the extent it is necessary, a Certificate of Appealability is denied.

DATED THIS 11th Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE